SLAUGHTER W. HUFF and ROBERT C. LEE, as Receivers of the Property of the NEW YORK AND QUEENS COUNTY RAILWAY COMPANY, Plaintiffs, *v.* MANHATTAN TRANSIT COMPANY and Others, Defendants.

Supreme Court, Queens County, December, 1922.

Injunctions — public service corporations — dormant corporation cannot begin operations under old charter without complying with existing statutes regulating public service corporations.

Where a corporation organized in 1899 under a private act, to operate vehicles in New York city, never exercised its alleged powers, it may not now begin to exercise them unless it complies with the existing statutes as to permission, supervision and regulation and its attempt to do so will be enjoined at the suit of a public service corporation with which it competes.

SUIT for an injunction.

*Alfred T. Davison,* for plaintiffs.

*George H. Gilman,* for defendants.

VAN SICLEN, J.   The plaintiffs are the duly appointed receivers of the New York and Queens County Railway Company, which has been duly empowered and authorized to engage in the business of common carrier since 1896 or before.   The defendant corporation has recently commenced the operation of buses as a common carrier in direct competition with the plaintiff company, with no other right or authority than that gained from its charter.   In 1899 the legislature passed "An act to provide for the organization of the General Carriage Company."   This was a private act. " Every act incorporating a company for private gain and generally all acts relating to a single corporation, are private acts, while an act relating to all corporations would be a public act."   *Economic P. & C. Co.* v. *City of Buffalo,* 195 N. Y. 286, 295.

This company became merged with the defendant corporation in 1902.   The former never operated vehicles of any kind over any fixed or prescribed route and the only operation of such a line carried on by the defendant was a bus run by it between Wall street ferry and Cortlandt street ferry in 1903–1904, and no business of any kind has been carried on by it since 1911.   Admittedly neither the defendant nor its predecessor was organized under or complied with any statute then or since existent, designed to control, regulate or supervise common carriers.   In 1899 there was a statute and there has been ever since general statutes providing for the incorporation of corporations which purposed to be common carriers.   Laws of 1854, chap. 142; Laws of 1867, chap. 974; Transp. Corp. Law, § 20.   If the defendant is correct in its contention, it must be held that it procured by a private act more general and unrestricted powers than could be obtained by incorporating under then existing general statutes, because the private act is not specific as to routes or character of service, although theretofore no common carrier could be organized under the general statutes unless the proposed routes were specifically set forth. As said in *Economic P. & C. Co.* v. *City of Buffalo, supra,* at page 300:   " We would expect the legislature to put in a private act incorporating a company substantially the same general and incidental provisions that it requires in a certificate of incorporation under a general act for the same purpose or purposes."

Section 16 of article 3 of the Constitution of the state of New York provides:   " No private or local bill, which may be passed by the Legislature, shall embrace more than one subject and that shall be embraced in the title."

It is a fair question then to ask whether the title of this act is such as to plainly infer that its recipient was to be a common carrier unrestricted as to route or character of service.   This

subject was also fully discussed in *Economic P. & C. Co.* v. *City of Buffalo, supra,* and it would seem that the act in question transgressed thereunder.

It is of course conceded that the defendant corporation has not attempted in any way to comply with existing statutes purporting to regulate and supervise the character of business it is engaged in. Greater N. Y. Charter, §§ 74, 1458; Transp. Corp. Law, §§ 25, 26; Pub. Serv. Comm. Law, § 53. It claims that the charter power as granted in 1899 makes the same unnecessary. If it had ever exercised such powers and had continued to exercise them from the inception down to and through the time when the various acts of regulation, supervision and control had been passed, it might with some justification assert or claim that it had the right and power to so continue, subsequent statutes notwithstanding. But where it has never exercised such powers and now, after existing statutes of regulation, supervision and control have been passed, it undertakes to claim and exercise such powers, it seems to this court that, even if it be conceded for the moment that it has such powers, they may be exercised only under the regulation, supervision and permission now required by law. Transp. Corp. Law, §§ 25, 26; *Pub. Serv. Comm.* v. *Booth,* 170 App. Div. 590. Section 1458 of the Greater New York Charter provides that: "No stage or omnibus route or routes for public use * * * shall hereafter be put in operation * * * until and unless a franchise or right therefor shall be obtained."

In *New York Electric Lines* v. *Empire City Subway Co.,* 235 U. S. 179, the Supreme Court of the United States upheld the revocation of a charter granted in 1882 to construct lines where no lines had been constructed up to 1906. It is well-known history that the rights of the public are ever requiring greater supervision, more definite regulation and closer control of common carriers and if dormant or otherwise extinct and defunct corporations could be resurrected in the manner in which the defendant claims it has the right to do and avoid all present-day regulations, the progress of a generation would be set at nought. Taking into account, therefore, all the considerations expressed herein, it is the opinion of this court that the defendants have not justified the operation of vehicles complained of and there being no question in any other respect but that, the plaintiffs are entitled to relief. Judgment will be granted for the plaintiffs.

Judgment accordingly.